HECTOR G. GALLEGOS (SB# 175137)
hgallegos@mofo.com
MORRISON & FOERSTER LLP
2000 Pennsylvania Ave., NW, Suite 6000
Washington, DC  20006-1888
Telephone:  (202) 887-1500
Facsimile:  (202) 887-0763

WENDY J. RAY (SB# 226269)
wray@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA  90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454

Attorneys for Plaintiff,
HEADWAY TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEADWAY TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAMBETH MAGNETIC STRUCTURES, LLC, <br><br> Defendant. | Case No. 2:15-cv-07987 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,128,988** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Headway Technologies, Inc. ("Headway") for its complaint against Defendant Lambeth Magnetic Structures, LLC ("Lambeth") avers as follows:

1

**COMPLAINT FOR DECLARATORY RELIEF**

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement of all claims of United States Patent No. 7,128,988 ("the '988 patent") under 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq. A true and correct copy of the '988 patent is attached to this complaint as Exhibit A.

## PARTIES

2. Plaintiff Headway Technologies, Inc., is a corporation formed under the laws of California with its principal place of business at 682 South Hillview Drive, Milpitas, California, 95035. Headway is a wholly owned subsidiary of TDK Corporation ("TDK").[1] Headway designs and manufactures recording heads for high performance hard disk drives.

3. On information and belief, Defendant Lambeth Magnetic Structures, LLC, is a limited liability company organized and existing under the laws of Pennsylvania. On information and belief, Lambeth's principal place of business is located at 1230 Squirrel Hill Avenue, Pittsburgh, Pennsylvania, 15217.

## JURISDICTION AND VENUE

4. This is an action for Declaratory Relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq. for the purpose of resolving a question of actual controversy between the parties, as alleged herein.

5. The court has subject matter jurisdiction based upon 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 because the claims herein are based upon Headway's non-infringement of the '988 patent.

---

[1] On October 5, 2015, TDK filed a petition for *inter partes* review with the United States Patent and Trademark Office (IPR2016-00013) challenging the patentability of claims 1-3, 6-19, 21-31, 34, 38 and 39 of the '988 patent and listing Headway as a real party in interest.

6. There is an actual controversy between the parties with regard to the non-infringement of the '988 patent. In *Lambeth Magnetic Structures, LLC v. Toshiba Corporation et al.*, Case No. 2:14-cv-01526-CB (W.D. Pa.) (the "*Lambeth v. Toshiba* case"), Lambeth's Disclosure of Asserted Claims and Infringement Contentions ("Lambeth's Infringement Contentions") accused certain Toshiba hard disk drives of infringing the '988 patent.[2] But it is Headway's components (recording heads) in the accused Toshiba hard disk drives that Lambeth actually accused of infringement. Based on Lambeth's Infringement Contentions in the *Lambeth v. Toshiba* case, Lambeth has created a reasonable apprehension of a lawsuit against Headway for alleged infringement of the '988 patent that would impact Headway's ability to make, use, sell, and/or offer to sell at least some of Headway's products.

7. Lambeth is subject to the personal jurisdiction of this Court by virtue of Lambeth's contacts with this district, which include at least (1) negotiating and entering into an agreement with a company having a principal place of business within the district with regard to the assignment and enforcement of rights related to the '988 patent, and entering into a separate agreement with that company to settle litigation regarding the enforcement of rights related to the '988 patent; and (2) bringing suit for alleged infringement of the '988 patent against companies with principal places of business in this district.

8. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c). Lambeth, a limited liability company, is subject to personal jurisdiction in this district. A substantial part of the events giving rise to Lambeth's patent infringement allegations occurred in this district.

---

[2] On October 6, 2015, the Toshiba defendants filed a motion to stay the *Lambeth v. Toshiba* case pending final resolution of TDK's petition for *inter partes* review (IPR2016-00013). If that motion is granted, Headway intends to seek a stay of this action as well pending final resolution of the petition for *inter partes* review.

3

**COMPLAINT FOR DECLARATORY RELIEF**

## STATEMENT OF FACTS

9. David N. Lambeth ("Dr. Lambeth") has conducted business as Lambeth Systems, a sole proprietorship he owned and operated. Lambeth Magnetic Structures, LLC, is an entity Dr. Lambeth formed in 2007 to license his patents.

10. The '988 patent, entitled "Magnetic Material Structures, Devices and Methods," issued on October 31, 2006. The '988 patent on its face indicates that it was assigned to Lambeth Systems. The '988 patent is currently assigned to Lambeth Magnetic Structures, LLC.

11. Headway designs and manufactures recording heads for high performance hard disk drives in Milpitas, California.

12. The bases for the information in paragraphs 12-18 of this complaint are in the complaint filed in *David N. Lambeth d/b/a Lambeth Systems v. Acacia Research Corp. and SBS Magnetics, LLC*, No. 2:13-cv-00194-JRG-RSP (E.D. Tex.) (the "*Lambeth v. Acacia* case"). A copy of the complaint from that case is attached as Exhibit B.

13. Upon information and belief, Acacia Research Corporation ("Acacia") acquires patent rights from inventors and licenses those patent rights or pursues infringement claims against potential licensees. Upon information and belief, Acacia forms subsidiaries that enter into the transactions with the inventors for this purpose.

14. Upon information and belief, Acacia had a principal place of business in Newport Beach, California, during Acacia's involvement with Lambeth Systems.

15. Between 2007 and 2010, Dr. Lambeth had numerous discussions with Acacia employees in Newport Beach, California, related to the '988 patent and its foreign counterparts (the "Lambeth patents"), potential infringers of the Lambeth patents, and licensing the Lambeth patents. It was the conversations with these Acacia employees from Newport Beach that helped persuade Dr. Lambeth to enter into an agreement with Acacia regarding the '988 patent.

16.     Acacia, through its subsidiary, SBS Magnetics, LLC ("SBS"), partnered with Lambeth Systems to monetize the Lambeth patents. Lambeth Systems assigned its patent rights in the Lambeth patents to Acacia/SBS[3] in exchange for a flat fee and royalty rights, pursuant to a December 18, 2010 agreement. The December 18, 2010 agreement contained a contractual obligation that did not allow Acacia/SBS to bundle the Lambeth patents with other patents in Acacia's portfolio.

17.     Dr. Lambeth also performed research and analysis work for Acacia/SBS in 2011 in relation to magnetics and magnetic thin films in order to facilitate Acacia's attempt to identify potential infringers of the Lambeth patents. Lambeth Systems claimed that this work was done under a consulting agreement that Acacia/SBS originally drafted, and Dr. Lambeth revised and signed in January of 2011, but that Acacia/SBS ultimately did not sign.

18.     Lambeth Systems sued Acacia and SBS in the United States District Court for the Eastern District of Texas on May 29, 2013, in *David N. Lambeth d/b/a Lambeth Systems v. Acacia Research Corp. and SBS Magnetics, LLC*, No. 2:13-cv-00194-JRG-RSP (E.D. Tex.). Lambeth Systems' complaint alleged that Acacia/SBS breached the December 18, 2010 agreement by bundling the Lambeth patents with other patents and allocating an improperly small share of the proceeds to the Lambeth patents.

19.     On July 16, 2013, Lambeth Systems filed a motion to dismiss the *Lambeth v. Acacia* case, noting that the parties had resolved the dispute. The court granted the motion on July 24, 2013, and the case was dismissed.

---

[3] Lambeth Systems noted in its complaint in the *Lambeth Systems v. Acacia* case that it used the term "Acacia/SBS" because of the tremendous overlap and joint participation of the two entities. In turn, Headway uses the same "Acacia/SBS" term in paragraphs 12-18 of this complaint.

**COMPLAINT FOR DECLARATORY RELIEF**

1        20.    On June 28, 2013, SBS assigned the '988 patent back to Lambeth
2 Systems.  On March 18, 2014, Dr. Lambeth, as owner and sole proprietor of
3 Lambeth Systems, assigned the '988 patent to Lambeth Magnetic Structures, LLC.

4        21.    On November 6, 2014, Lambeth filed its Complaint for alleged
5 infringement of the '988 patent against Toshiba Corporation in *Lambeth Magnetic*
6 *Structures, LLC v. Toshiba Corporation et al.*, Case No. 2:14-cv-01526-CB (W.D.
7 Pa.).  On December 10, 2014, Lambeth filed its Amended Complaint in the
8 *Lambeth v. Toshiba* case, which added Toshiba America Information Systems, Inc.,
9 Toshiba America Electronic Components, Inc., and Toshiba of Canada Limited as
10 defendants.  Both Toshiba America Information Systems, Inc., and Toshiba
11 America Electronic Components, Inc., are corporations formed under the laws of
12 California, with their principal places of business in Irvine, California.

13       22.    On August 24, 2015, Lambeth served a non-party subpoena on counsel
14 for Headway in the *Lambeth v. Toshiba* case, requesting testimony, production of
15 documents and things, and to inspect Headway's manufacturing facility.  A copy of
16 Lambeth's non-party subpoena to Headway is attached as Exhibit C.

17       23.    On September 3, 2015, in the *Lambeth v. Toshiba* case, Lambeth
18 served its Disclosure of Asserted Claims and Infringement Contentions
19 ("Lambeth's Infringement Contentions").  In Lambeth's Infringement Contentions,
20 Lambeth accused certain Toshiba hard disk drives of infringing the '988 patent.  A
21 copy of Lambeth's Infringement Contentions in the *Lambeth v. Toshiba* case is
22 attached as Exhibit D.

23       24.    Lambeth's Infringement Contentions in the *Lambeth v. Toshiba* case
24 accuse Headway's recording heads of infringement.  In Lambeth's Infringement
25 Contentions, Lambeth specifies that commercially sold Toshiba hard disk drives
26 featuring perpendicular magnetic recording infringe the '988 patent asserted claims
27 because, inter alia, "all of the analyzed drives include material in the recording
28 heads that comprises a substrate and a (111) textured hexagonal template."  (Ex. D

**COMPLAINT FOR DECLARATORY RELIEF**

at 3.) Further, Lambeth's claim charts, which compare the '988 patent to Toshiba's hard disk drive products, focus on a portion of the recording head of the hard disk drive products. The recording head is a part of a wafer chip that is designed and manufactured by Headway. Headway supplies the wafer chips to SAE Magnetics (H.K.) Ltd. ("SAE"). The wafer chips are then integrated within head gimbal assemblies that SAE provides to Toshiba Corporation for use in certain Toshiba hard disk drive products, including each of the following Toshiba hard disk drive models MK3253GSX, MK5065GSX, MK5065GSY, MK6465GSK and MQ01ABD100 alleged to infringe the '988 patent in Lambeth's Infringement Contentions.

25. Headway's recording heads do not directly or indirectly infringe any claim of the '988 patent.

26. Because Headway designs and manufactures the recording heads that Lambeth claims infringe the '988 patent, there is a substantial, continuing, and justiciable controversy between Headway, on the one hand, and Lambeth, on the other hand, relating to the purported infringement of the '988 patent.

27. Accordingly, Headway is entitled to a declaratory judgment that its recording heads do not infringe the '988 patent.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement)**

28. Headway incorporates the allegations in paragraphs 1 through 27 above, as if set forth fully herein.

29. As a result of Headway's allegations against Lambeth, there is an actual controversy between Headway and Lambeth concerning whether Headway's recording heads infringe the '988 patent.

30. Headway's recording heads do not directly or indirectly infringe any claim of the '988 patent, either literally or under the doctrine of equivalents.

31. Headway has not willfully infringed any claim of the '988 patent.

## PRAYER FOR RELIEF

WHEREFORE, Headway prays for judgment as follows:

1. A declaration that Headway's recording heads do not directly, indirectly, or willfully infringe any claim of the '988 patent.

2. That Lambeth, its subsidiaries, affiliates, parent, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with them, or any of them, be enjoined from asserting any claim of the '988 patent against Headway;

3. That the case be deemed exceptional and that Headway be awarded its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

4. That Headway be awarded its costs of suit; and

5. That the Court award such other relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Headway hereby demands trial by jury on all issues raised by the Complaint.

Dated: October 9, 2015          MORRISON & FOERSTER LLP

By:  /s/ Hector G. Gallegos
     Hector G. Gallegos

Attorneys for Plaintiff
HEADWAY TECHNOLOGIES, INC.

**COMPLAINT FOR DECLARATORY RELIEF**